UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE MANUEL ARELLANO, | ) | 1:06-cv-01179-AWI-TAG HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) ) | [Doc. 1] |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a January 13, 2005 judgment of conviction by the Superior Court of California, County of Fresno   (Doc. 1, p. 1).

On August 31, 2006, Petitioner filed the instant federal petition.  (Id.).  In that petition, Petitioner alleges that he raised the following issues in his direct appeal of the conviction: (1) ineffective assistance of trial counsel; and (2) the jury was improperly instructed with CALJI No. 2.06.  (Doc. 1, p. 3a).  Petitioner has indicated that he did not file any other appeals or petitions for writ of habeas corpus in the California courts.  (Doc. 1, p. 3).

In the instant petition, Petitioner raises four issues: (1) insufficient evidence to support the conviction; (2) "identification," in which Petitioner contends that the perpetrator had different tattoos

than Petitioner; (3) ineffective assistance of trial counsel; and (4) the fact of a witness's recantation of prior statements and trial testimony. (Doc. 1, pp. 5-6).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.

A.  Failure to Exhaust Claims.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669

(9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-988 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-1107 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-831 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner raises four grounds for relief.  Comparing the claims asserted in the instant petition with those raised on Petitioner's direct appeal, it is patent that Grounds One, Two, and Four have never been presented to the California Supreme Court.  Indeed, Petitioner appears to acknowledge this fact in the petition when he indicates that the claims in the petition are different from those on appeal because he had prisoners who helped him prepare the petition after he was no longer represented by a court-appointed appellate lawyer.  (Doc. 1, p. 7).

Regardless of the reasons, the instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so.  See Rose, 455 U.S. at 521-22.  However,

1  Petitioner will also be provided with an opportunity to withdraw the unexhausted claims and go
2  forward with the exhausted claim.
3       B.  <u>Failure to Name Proper Respondent.</u>
4       A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer
5  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254
6  Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme</u>
7  <u>Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated
8  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has
9  "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir.
10 1992); <u>see</u> <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However,
11 the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894;
12 <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his
13 probation or parole officer and the official in charge of the parole or probation agency or state
14 correctional agency.  <u>Id.</u>
15      Here, Petitioner has named as respondent the "People of the State of California".  However,
16 the People of the State of California is not the warden of the institution where Petitioner is confined
17 and, thus, does not have day-to-day control over Petitioner.  Petitioner is incarcerated at the
18 Psychiatric Services Unit of the California State Prison at Sacramento, California.  The warden at
19 that facility is James Walker.
20      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
21 lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v. California Adult Authority</u>, 423 F.2d 1326,
22 1326 (9th Cir. 1970); <u>see</u> <u>also</u>, <u>Billiteri v. United States Bd. of  Parole</u>, 541 F.2d 938, 948 (2d Cir.
23 1976). If Petitioner chooses to file a motion to withdraw his unexhausted claims, he should also
24 include a "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may
25 name the proper respondent in this action, i.e., James Walker.  If Petitioner chooses instead to allow
26 the Court to dismiss his petition as a mixed petition, the issue will become moot.
27 ///
28 ///

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[1] These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at his option, and in lieu of filing objections to the Findings and Recommendations, move to withdraw the unexhausted claims within thirty (30) days of the date of service of these Findings and Recommendations and thereafter proceed with only the exhausted claim. In his motion to withdraw claims, Petitioner may move to amend the caption to include as a proper respondent the individual currently serving as warden of the facility where Petitioner is incarcerated.

If, on the other hand, Petitioner fails to withdraw the unexhausted claim within the thirty (30) day time frame, the Recommendations will be submitted to the District Judge for dismissal of the petition so Petitioner can return to state court to exhaust his unexhausted claims. Rose, 455 U.S. at 520. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S.

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

991 (2001).

Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. Provided Petitioner does not move to withdraw the unexhausted claim, the Findings and Recommendations will be submitted to the District Judge for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 12, 2007**                    **/s/ Theresa A. Goldner**
                                                UNITED STATES MAGISTRATE JUDGE