UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE MANUEL ARELLANO, | ) | 1:06-CV-01179-AWI-TAG HC |
| Petitioner, | ) ) | ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS ISSUED ON DECEMBER 13, 2007 (Doc. 8) |
| v. | ) ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW UNEXHAUSTED CLAIMS (Doc. 10) |
| Respondent. | ) ) | ORDER GRANTING PETITIONER'S MOTION TO NAME PROPER RESPONDENT (Doc. 9) |

ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE THE NAME OF JAMES WALKER AS RESPONDENT

ORDER GRANTING PETITIONER'S MOTION TO AMEND (Doc. 13)

ORDER DIRECTING THAT AMENDED PETITION BE FILED WITHIN THIRTY DAYS

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a January 13, 2005 judgment of conviction by the Superior Court of California, County of Fresno  (Doc. 1, p. 1).

///

1    On August 31, 2006, Petitioner filed the instant federal petition. (Id.). In that petition, Petitioner alleges that he raised the following issues in his direct appeal of the conviction: (1) ineffective assistance of trial counsel in (a) failing to impeach a key witness concerning two prior convictions, and (b) failing to move to strike non-responsive testimony by a witness; and (2) the jury was improperly instructed with CALJIC No. 2.06. (Doc. 1, p. 3a). Petitioner has indicated that he did not file any other appeals or petitions for writ of habeas corpus in the California courts. (Doc. 1, p. 3).

In the instant petition, Petitioner raises four issues: (1) insufficient evidence to support the conviction; (2) "identification," in which Petitioner contends that the perpetrator had different tattoos than Petitioner; (3) ineffective assistance of trial counsel in failing to move to strike a non-responsive and false answer by a witness; and (4) the fact of a witness's recantation of prior statements and trial testimony. (Doc. 1, pp. 5-6).

On December 13, 2008, the Court filed Findings and Recommendations that the petition be dismissed as a mixed petition containing exhausted and unexhausted claims. (Doc. 8). In the Findings and Recommendations, the Court gave Petitioner the option of either doing nothing and having the Findings and Recommendations submitted to the District Judge for consideration, or filing a motion to withdraw the unexhausted claims and proceed on the exhausted petition. The Findings and Recommendations also indicated that Petitioner would need to amend the caption to name the proper respondent.

On January 2, 2008, Petitioner filed a motion to withdraw his unexhausted claims. (Doc. 10). On that same date, Petitioner also filed a motion to amend the caption to name the proper respondent, i.e., James Walker, Warden. (Doc. 9). On February 29, 2008, Petitioner filed a motion to amend the petition to include the additional grounds for ineffective assistance of trial counsel for failure to impeach a key witness with two prior convictions, grounds previously exhausted by Petitioner in state court. (Doc. 13).

## DISCUSSION

The Findings and Recommendations filed on December 13, 2007, expressly permitted Petitioner to avoid dismissal of the petition by filing motions to withdraw the unexhausted claims

and to amend the caption to name the proper respondent.  Petitioner has complied with both of the requirements by the motions he filed on January 2, 2008.  Accordingly, the Court will order the Findings and Recommendations filed on December 13, 2007 to be withdrawn.  The Court will also direct the Clerk of the Court to substitute the name of James Walker, as the Respondent in this case, deleting "The People of the State of California" as Respondent.

Regarding Petitioner's motion to add claims, a petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).

Here, since no response has been filed, Petitioner's motion to amend is proper.  Accordingly, the Court will grant Petitioner leave to amend his petition to include the ineffective assistance of counsel issues mentioned in his motion to amend filed on January 2, 2008.  Petitioner will be granted thirty days from the date of service of this order within which to file his amended petition.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The Findings and Recommendations filed on December 13, 2007 (Doc. 8), are WITHDRAWN;
2. Petitioner's motion to withdrawn unexhausted claims (Doc. 10), is GRANTED.  Grounds One, Two, and Four in the original petition (Doc. 1), are deemed withdrawn;
3. Petitioner's motion to name a proper respondent (Doc. 9), is GRANTED;
4. The Clerk of the Court is DIRECTED to substitute as named Respondent the name of "James Walker, Warden," and to delete as named Respondent "The People of the State of California;"
5. Petitioner's motion to amend the petition (Doc. 13), is GRANTED.  Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition.  In that amended petition, Petitioner should include Ground Three in his

original petition along with the two additional bases for ineffective assistance of trial counsel identified in his motion to amend filed on January 2, 2008. Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus."  If Petitioner chooses to include additional claims beyond those already mentioned in this order, Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s). With respect to *any* claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.  *The Court will not consider the original petition*.

Petitioner is forewarned that failure to follow this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **March 14, 2008**                              **/s/ Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE