# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE MANUEL ARELLANO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> JAMES WALKER, Warden, ) <br> ) <br> ) <br> Respondent. ) <br> ) | 1:06-CV-01179-AWI-TAG HC <br><br> FINDINGS AND RECOMMENDATIONS REGARDING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (Doc. 15) <br><br> ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a January 13, 2005 judgment of conviction by the Superior Court of California, County of Fresno   (Doc. 1, p. 1).

On August 31, 2006, Petitioner filed the instant federal petition. (Id.). In that petition, Petitioner alleges that he raised the following issues in his direct appeal of the conviction: (1) ineffective assistance of trial counsel; and (2) the jury was improperly instructed with CALJIC No. 2.06. (Doc. 1, p. 3a). Petitioner has indicated that he did not file any other appeals or petitions for writ of habeas corpus in the California courts. (Doc. 1, p. 3).

In his original petition, Petitioner raised four issues: (1) insufficient evidence to support the conviction; (2) "identification," in which Petitioner contends that the perpetrator had different tattoos than Petitioner; (3) ineffective assistance of trial counsel; and (4) the fact of a witness's recantation of prior statements and trial testimony. (Doc. 1, pp. 5-6). Comparing the claims asserted in the

original petition with those raised on Petitioner's direct appeal, it was apparent that Grounds One, Two, and Four had never been presented to the California Supreme Court. On December 13, 2008, therefore, the Court issued Findings and Recommendations to dismiss the mixed petition; however, in lieu of dismissal, Petitioner was given the alternative of withdrawing his unexhausted claims and filing an amended petition with only the exhausted claim. (Doc. 8).

On January 2, 2008, Petitioner moved to withdraw his unexhausted claims (Doc. 10), and, on March 17, 2008, the Court granted the order and required Petitioner to file an amended petition containing only unexhausted claims. (Doc. 14). On March 26, 2008, Petitioner filed the instant amended petition. (Doc. 15). That amended petition contains five claims, rather than one. Although Petitioner attempts to demonstrate that three of the five claims were raised in the state court and, therefore, have been exhausted, it appears to the Court that the other two claims have never before been raised in the state court. Accordingly, the Court will recommend dismissal of the petition.

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order the respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S. Ct. 1715 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 432-434, 120 S. Ct. 1479 (2000). .

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant amended petition, Petitioner raises five grounds for relief: (1) ineffective assistance of trial counsel in failing to impeach witness Gonzalez with a prior conviction; (2) ineffective assistance of counsel in failing to impeach witness Watkins with a prior conviction; (3) error in instructing the jury with CALJIC No. 2.06; (4) ineffective assistance of trial counsel in failing to challenge an unconstitutional search and seizure; and (5) ineffective assistance of counsel in failing to object to certain testimony by witness Gonzalez.  (Doc. 15, pp. 5-7; 10).  Comparing the claims asserted in the instant amended petition with those raised on Petitioner's direct appeal, as indicated in the original petition and in the present amended petition, it appears that Ground Four has never been presented to the California Supreme Court.

The Court's order of March 17, 2008, which granted Petitioner's motion to withdraw the unexhausted Grounds One, Two, and Four, contemplated that Petitioner would withdraw those claims and file an amended petition containing only Ground Three, the one exhausted claim. Instead, Petitioner has chosen to not only expand the number of grounds in his amended petition beyond those contained in the original petition, but to also introduce a claim that apparently has never been exhausted in the state court.

Regardless of whether Petitioner misunderstood the Court's direct advisements, or whether Petitioner merely seeks to take advantage of the Court's order allowing for amendment, the instant amended petition is a mixed petition containing exhausted and unexhausted claims.  Normally, a dismissal for failure to exhaust is not a dismissal on the merits, and, therefore, Petitioner would not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has also held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489, 120 S. Ct. 1595 (2000).

///

Here, Petitioner was expressly advised of this possibility in the Findings and Recommendations issued on December 13, 2007. (Doc. 8, p. 5, fn. 1). Therefore, Petitioner was on notice that in the event he returned to federal court and filed a mixed petition of exhausted and unexhausted claims, the amended petition may be dismissed *with prejudice*. Because Petitioner has already been afforded his opportunity to withdraw his unexhausted claims, the Court need not afford him additional opportunities. Accordingly, the Court recommends dismissal with prejudice of the amended petition.

### **RECOMMENDATIONS**

For the foregoing reasons, the Court RECOMMENDS that the Amended Petition for Writ of Habeas Corpus (Doc. 15), be DISMISSED with prejudice. These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2008**                               /s/ Theresa A. Goldner
                                                  UNITED STATES MAGISTRATE JUDGE