IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE MANUEL ARELLANO,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES WALKER, Warden,<br><br>        Respondent.<br>_____ | 1:06-cv-01179-AWI-TAG-HC<br><br>ORDER DENYING<br>CERTIFICATE OF<br>APPEALABILITY |

      Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On May 20, 2008, the Magistrate Judge filed a Findings and Recommendations to dismiss the petition, which were served on all parties and which contained notice that any objections to the Findings and Recommendations were to be filed within twenty days. (Doc. 16). Petitioner never filed objections. On July 14, 2008, the Court entered an order adopting the Magistrate Judge's Findings and Recommendations and dismissing Petitioner's application for a writ of habeas corpus. (Doc. 19). Judgment was entered on July 14, 2008. (Doc. 20).

      On November 21, 2008, Petitioner filed a notice of appeal of the district court's order. (Doc. 24). At the same time, Petitioner filed a request for issuance of a certificate of

appealability. (Id.).

The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In the present case, the Court finds that Petitioner has not made the required showing to justify the issuance of a certificate of appealability.   Reasonable jurists would not find it debatable that the petition was subject to dismissal because it included an unexhausted claim.  Accordingly, the Court hereby ORDERS that Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:   December 15, 2008**          /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE