IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONNIE MANUEL ARELLANO,** ) | **1: 06 -CV- 1179 AWI TAG HC** |
| Petitioner, ) | |
| ) | **ORDER DENYING MOTION FOR A** |
| ) | **CERTIFICATE OF APPEALABILITY** |
| v. ) | |
| ) | |
| **JAMES WALKER, Warden,** ) | [Document #22] |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se who filed a petition for writ of habeas corpus on pursuant to 28 U.S.C. § 2254. On July 14, 2008, the court adopted the Magistrate Judge's Findings and Recommendations and dismissed the petition for writ of habeas corpus because it contained an unexhausted claim.

On November 11, 2008, Petitioner filed a notice of appeal and motion for a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Before Petitioner can appeal this's court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). The controlling statute for issuing a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
 (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The court cannot grant a certificate of appealability because the time in which Petitioner had to appeal has passed.  The time limit for filing a notice of appeal following entry of an order denying a petition for writ of habeas corpus is thirty days. See Fed. R.App. P. 4(a).   As such, Petitioner has failed to timely appeal. The failure to file a timely notice of appeal deprives the Court of Appeals of jurisdiction. Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007).  The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir.1978).   Reading Bowles and Hayward together, the court finds that the issuance of a certificate of appealability at this time would not give the Ninth Circuit jurisdiction over Petitioner's appeal, and as such, the court has no choice but to deny the certificate of appealability.  See  Moreno v. Ryan, 2007 WL 2206943 (E.D.Cal. 2007) Woods v. Ayers, 2007 WL 1805555  (E.D.Cal 2007); Ransom v. Scribner, 2007 WL 841786 (E.D.Cal 2007).

Regardless, the court declines to issue a certificate of appealability.   When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural

1 ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).   The court finds reasonable jurists would not disagree with the court's conclusion that the petition was subject to dismissal because it contained an unexhausted claim and Petitioner had been given adequate warnings that he needed to withdraw the unexhausted claim.  Petitioner's motion only concerns evidence that he believes may cast a vast shadow of doubt on his conviction, and Petitioner's motion does not address the fact the petition contains an unexhausted claim.

Accordingly, the court ORDERS that:

1. Petitioner's motion for a certificate of appealability is DENIED; and

2. No certificate of appealability SHALL BE ISSUED.

IT IS SO ORDERED.

**Dated:   December 16, 2008**           /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE